1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9   UNITRIN AUTO AND HOME INSURANCE          CASE NO. 11-cv-5546 RJB
    COMPANY,

10                                           ORDER ON PLAINTIFF GRANGE
                          Plaintiff,         INSURANCE GROUP'S MOTION
                                             FOR PARTIAL SUMMARY
11        v.                                 JUDGMENT

12  UNITED STATES OF AMERICA,

13                        Defendant.

14  _____

15  GRANGE  INSURANCE GROUP,

16                        Plaintiff,

17        v.

18  UNITED STATES OF AMERICA, and
    LINDA D. SMITH,

19
                          Defendants.
20

21

22          This matter comes before the Court on Plaintiff Grange Insurance Group's (Grange)

23  Motion for Partial Summary Judgment.  Dkt. 24.  The Court has considered the pleadings filed in

24  support of and in opposition to the motion and the file herein.

1

## PROCEDURAL HISTORY

2
This case arises out of an automobile collision that occurred on September 12, 2010.

3
Dkt. 24, at 2.  On February 14, 2012, this Court consolidated the two cases of *Unitrin Auto and*

4
*Home Insurance Company v. United States of America*, C11-5546RJB, and *Grange Insurance*

5
*Group v. United States of America and Linda Smith*, No. 11-5559BHS.  Dkt. 19.  Unitrin Auto

6
and Home Insurance Company insures Defendant Lisa Smith (Smith) and is Smith's assignee.

7
Dkt. 1.  Plaintiff Grange insures Kathleen Pasa, the owner of the vehicle which Dustin L. Brewer

8
(Brewer) was driving.  Dkt. 24.  Grange is Pasa's assignee.  *Id.*

9
On August 28, 2012, Plaintiff Grange filed a Motion for Partial Summary Judgment.

10
Dkt. 24.  Plaintiff Grange argues it is entitled to partial summary judgment on the findings that

11
that Plaintiff Grange is without fault because (1) there is no evidence that Brewer caused or

12
contributed to the collision with the vehicle he was driving and Smith's vehicle; (2) there is no

13
evidence that Brewer caused or contributed to the collision with Defendant United States of

14
America's (USA) vehicle and Smith's vehicle; and (3) the amount of damage to Pasa's vehicle is

15
not in dispute.

16
Defendants USA and Smith did not respond.

17

## RELEVANT FACTS

18
On September 12, 2010, the vehicles of Defendant Smith and Defendant USA collided in

19
the outside lanes of Interstate 5.  Dkt. 24, at 2 (referencing Police Traffic Collision Report No.

20
E068813).  As a consequence of this collision, Defendant Smith's vehicle spun out of control,

21
crossed the adjoining lanes, and collided with the vehicle that Brewer was driving, which was

22
occupying the inside lane.  *Id.*

23
Plaintiff Grange initially concluded that the damage to Pasa's vehicle was $11,969.40.

24

ORDER ON PLAINTIFF GRANGE INSURANCE
GROUP'S MOTION FOR PARTIAL SUMMARY
JUDGMENT- 2

1   Dkt. 24, at 3.  However, a later analysis determined that the damage was $4,783.  *Id.* (referencing

2   unfiled Declaration of James D. McCune).

3                               SUMMARY JUDGMENT STANDARD

4              Summary judgment is proper only if the pleadings, the discovery and disclosure materials

5   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

6   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

7   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

8   showing on an essential element of a claim in the case on which the nonmoving party has the

9   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

10  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

11  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

12  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

13  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

14  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

15  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

16  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

17  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

18             The determination of the existence of a material fact is often a close question.  The court

19  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

20  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, T.W. *Elect.*

21  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

22  of the nonmoving party only when the facts specifically attested by that party contradict facts

23  specifically attested by the moving party.  The nonmoving party may not merely state that it will

24

ORDER ON PLAINTIFF GRANGE INSURANCE
GROUP'S MOTION FOR PARTIAL SUMMARY
JUDGMENT- 3

1    discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

2    to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

3    Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

4    be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

5                                                    DISCUSSION

6          Pursuant to Local Rule 7(b)(2) for the Western District of Washington, "if a party fails to

7    file papers in opposition to a motion, such failure may be considered by the court as an

8    admission that the motion has merit." Because neither Defendant has filed a response in

9    opposition, and because the record shows that there are no issues of fact regarding Brewer's fault

10   and the amount of damage to his vehicle, the Court should grant Plaintiff Grange's Motion for

11   Partial Summary Judgment.

12         Therefore, it is hereby

13         **ORDERED** that Plaintiff Grange's Motion for Partial Summary Judgment (Dkt. 24) is

14   **GRANTED** only in so far as finding that Grange's insured, Pasa, and the driver of Pasa's

15   vehicle, Brewer, having neither caused nor contributed to either of the two accidents at issue

16   herein, is therefore without fault in this matter, and the amount of Grange's damages is $4,783.

17         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

18   to any party appearing pro se at said party's last known address.

19         Dated this 3rd day of October, 2012.

20

21

22                                    ROBERT J. BRYAN
                                      United States District Judge

23

24

ORDER ON PLAINTIFF GRANGE INSURANCE
GROUP'S MOTION FOR PARTIAL SUMMARY
JUDGMENT- 4